IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENDRELL DAIMON DANIELY,<br><br>PLAINTIFF,<br><br> vs.<br><br>NICHOLAS DENNY, in his individual capacity,<br><br>DEFENDANT, | Case No.: |

**COMPLAINT**

**COMES NOW,** Kendrell Daimon Daniely, PLAINTIFF in the above-styled action, showing this Honorable Court the following:

**1.**

This is an action for money damages brought under 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and Georgia law against Nicholas Denny, in his individual capacity.

**2.**

The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. 1983. This Court has jurisdiction over Plaintiff's claims under Georgia law pursuant to 28 U.S.C. § 1367, because those claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

**3.**

Venue is proper under 28 U.S.C. § 1391(b), because all relevant events giving rise to the claim occurred in this judicial district.

## PARTIES

**4.**

Plaintiff is an adult male residing in Bibb County, Georgia.

**5.**

Defendant Nicholas Denny is employed by the Bibb County Sheriff, Bibb County Georgia. He can be served at his place of business at Bibb County Sheriff's Office, 668 Oglethorpe Street, Macon, Georgia 31201.

**6.**

At all times relevant to this civil action, Defendant Denny has been employed as a certified law enforcement officer by the Bibb County Sheriff, and he remains employed by the Bibb County Sheriff as of the filing of this civil action.

**7.**

At all times referred to herein, Defendants were acting under color of state law.

**8.**

Defendants are being sued in their individual capacity.

## FACTS

**9.**

In June of 2021, Plaintiff Daniely began his employment with the Bibb County Sheriff's Office as a jailor.

**10.**

Plaintiff Daniely resigned his employment as a jailor with the Bibb County Sheriff's Office in March of 2023, to accept a position with the Henry County Police Department.

**11.**

Plaintiff Daniely began his employment with Henry County on March 6, 2023.

**12.**

Henry County sent Plaintiff Daniely to the Basic Mandate Law Enforcement program at the Georgia Public Safety Training Center in order that he could become a certified law enforcement officer.

**13.**

On April 24, 2023, Defendant Denny obtained warrants for the arrest of Plaintiff Daniely alleging Violation of Oath of Office, in violation of O.C.G.A. § 16-10-1, and Criminal Street Gang Activity, in violation of O.C.G.A. § 16-15-4.

**14.**

Defendant Denny provided an affidavit in support of each warrant in which he swore under oath to the following:

> The accused Ken Drell Daniely did commit the offense of Violation of Oath by a Public Officer when he being a sworn Employee of the Bibb County Sheriff Office located at 668 Oglethorpe St in Macon, Georgia did knowingly provide a "rod" in which this Investigator knows to be a rifle, to Jayshwayn Daniely.  By the admission from Daniely from a prior interview, he stated his brothers were FourKG Crip.  This Investigator knows FourKG Crip to be a Violent Hybrid Crip Street Gang in Macon Georgia.  In doing so Daniely directly violated his signed Oath of Office and clearly displayed he was an Associate of the Criminal Organization FourKG Crip.  All of the above information was discovered through a Social Media

3

Search Warrant obtained and reviewed on the 20th day of December 2022.

A copy of the affidavits and warrants are attached as **Exhibits A and B.**

**15.**

Defendant Denny made intentionally false statements in the affidavits to secure the warrants for the arrest of Plaintiff Daniely for Violation of Oath by a Public Officer and Criminal Street Gang Activity. The affidavits would not have supported a finding or probable cause in the absence of Defendant Denny's false statements.

**16.**

In the affidavits Defendant Denny falsely swore that Plaintiff Daniely "did knowingly provide a 'rod' in which this Investigator knows to be a rifle, to Jayshwayn Daniely." Defendant Denny knew this statement to be false at the time he swore to his affidavit before to Bibb Superior Court Judge Monroe.

**17.**

In the affidavits Defendant Denny also falsely swore that "By the admission from Daniely from a prior interview, he stated his brothers were FourKG Crip." Defendant Denny knew this statement to be false at the time he swore to his affidavit before to Bibb Superior Court Judge Monroe. Defendant Denny knew that Plaintiff Daniely made no such admission.

**18.**

"The law was clearly established in [1998] that the Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest." Holmes v. Kucynda, 321 F.3d 1069, 1084 (11th Cir. 2003).

4

**19.**

On April 24, 2023, Bibb County Sheriff's Deputies executed the two arrest warrants that were obtained by Defendant Denny through the use of intentionally false statements. Deputies arrested Plaintiff Daniely on April 24, 2023, while he was completing his instruction at the Georgia Public Safety Training Center in Forsyth, Georgia.

**20.**

Defendant Denny directed the arrest of Plaintiff Daniely at the Georgia Public Safety Training Center with the intent to cause Plaintiff Daniely the maximum amount of humiliation and embarrassment, and to cause the maximum damage to Plaintiff Daniely's career.

**21.**

As a direct consequence of his arrest, Plaintiff Daniely was terminated from the Henry County Police Department, and he was removed from the Basic Mandate Law Enforcement program at the Georgia Public Safety Training Center.

**22.**

Subsequent to making the intentionally false statements in the affidavits to obtain the April 24, 2023, arrest warrants against Plaintiff Daniely, Defendant Denny continued to make false statements in the course of his employment with the Bibb County Sheriff's Office.

**23.**

In an effort to ensure the Bibb County District Attorney's Office would indict Plaintiff Daniely, Defendant Denny falsely assured the Bibb County District Attorney's

Office that the incriminating admissions purportedly made by Plaintiff Daniely and set forth in Defendant Denny's arrest warrant affidavits were made in a videotaped interview. Defendant Denny knew Plaintiff Daniely made no such admissions.

**24.**

On August 16, 2023, Defendant Denny made intentionally false statements in an affidavit in order to obtain a search warrant for a residence located in Bibb County, Georgia. Defendant Denny knew the search warrants would not have been issued in the absence of his intentionally false statements.

**25.**

On August 31, 2023, Sheriff David Davis, the Sheriff of Bibb County, was made aware of the intentionally false statements Defendant Denny made on August 16, 2023, in an affidavit in support of a search warrant.

**26.**

Sheriff Davis was aware that Defendant Denny would make intentionally false statements, under oath and otherwise, in the course of his employment as a Bibb County Deputy Sheriff.

**27.**

Despite his actual knowledge that Defendant Denny was untruthful in the course of his duties as a Bibb County Deputy Sheriff, and despite his actual knowledge that Defendant Denny would lie under oath in order to secure warrants from a judicial official, Sheriff David Davis allowed Defendant Denny to continue performing his duties as a Deputy Sheriff, including investigations, testifying in court and obtaining warrants.

**28.**

Sheriff Davis was deliberately indifferent to Plaintiff's constitutional rights.  Sheriff Davis knew that Defendant Denny would act unlawfully, and he failed to stop him from doing so.  Sheriff Davis was aware of the need to take corrective action to prevent Defendant Denny from violating other citizen's constitutional rights, but he failed to take any action.  Defendant Denny remains employed as a Bibb Count Deputy Sheriff.

**29.**

Sheriff Davis' failure to train or supervise Defendant Denny amounted to deliberate indifference to the rights of persons with whom Defendant Denny would come into contact, including Plaintiff Daniely.

**30.**

Defendant Denny knew that he did not have probable cause for the prosecution of Plaintiff Daniely, and he knew that there was not sufficient evidence to prove Plaintiff's guilty beyond a reasonable doubt.  As a result, Defendant Denny communicated to the Assistant District Attorney handling Plaintiff Daniely's case that he was not concerned whether or not Plaintiff Daniely was convicted, he just wanted an indictment against Plaintiff Daniely.  Defendant Denny did this for the purpose of causing harm to Plaintiff Daniely and in an effort to shield himself from liability for making intentionally false statements to obtain the arrest warrants for Plaintiff Daniely.

**31.**

On October 3, 2024, a Bibb County grand jury returned an indictment against Plaintiff Daniely, charging him with Violation of Oath of Office and Criminal Street Gang Activity.

**32.**

On October 31, 2023, the Bibb County District Attorney filed a Motion to Nolle Pross the indictment against Plaintiff Daniely. In that Motion, the District Attorney stated:

> This case was presented to the Grand Jury based on information provided by the lead law enforcement officer [Defendant Denny] indicating the defendant made admissions in a video interview, which were material to essential elements of this crime. Upon further investigation and review of the interview video, the information related to said material facts relied upon by the District Attorney's Office through the officer's testimony was discovered not to be true. The interview video had been requested multiple times by the DA's Office prior to Grand Jury but was only given over subsequent to the Grand Jury presentation.

The Court granted the Motion to Nolle Pross that same day. A copy of the Motion and Order is attached as **Exhibit C**.

**33.**

The prosecution of Plaintiff Daniely was terminated in his favor.

**34.**

As a direct and proximate result of his malicious prosecution, Plaintiff Daniely incurred attorney's fees, he lost his job at Henry County Police Department, he lost wages, he lost his medical insurance, and he incurred out of pocket expenses for medical, dental and pharmacy charges.

**35.**

As a direct and proximate cause of this unlawful arrest, detention and prosecution, Plaintiff Daniely has experienced pain and suffering, extreme emotional distress, anxiety, humiliation, and outrage.

**36.**

Despite his false statements in the arrest warrant affidavits (Exhibits A and B), the false statements in search warrant affidavits on August 16, 2023, and his false statements to the Office of the District Attorney for Bibb County, Defendant Denny remains employed as a Bibb County Sheriff's Deputy.

### COUNT ONE – Defendant Denny
### O.C.G.A. § 51-7-40 Malicious Prosecution

**37**.

Plaintiff Daniely incorporates paragraphs 1 through 36 here by this reference.

**38**.

Defendant Denny initiated and carried on a criminal prosecution against Plaintiff Daniely for Violation of Oath of Office and Criminal Street Gang Activity maliciously and without any probable cause, which prosecution resulted in damage to Plaintiff Daniely.

**39**.

Defendant Denny acted with malice, as interpreted under Georgia law.

**40**.

As a consequence, Plaintiff Daniely was maliciously prosecuted in violation of O.C.G.A. 51-7-40.

**41**.

As a result of Defendant Denny's malicious conduct, Plaintiff Daniely has suffered emotional, mental injury, entitling him to recover nominal, compensatory and punitive damages against Defendant Denny for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

## COUNT TWO – Defendant Denny
## Punitive Damages

**42**.

Plaintiff incorporates paragraphs 1 through 41 here by this reference.

**43**.

Defendant's actions described in this complaint show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. O.C.G.A. § 51-12-5.1(b).

**44**.

Defendant's actions described in this complaint show that he acted, or failed to act, with the specific intent to cause harm such that there shall be no limitation regarding the amount that the jury may award as punitive damages.

## COUNT THREE – Defendant Denny
## O.C.G.A. § 13-6-11: Attorney's Fees

**45**.

Plaintiff incorporates paragraphs 1 through 44 here by this reference.

**46**.

By his acts and omissions specified above, Defendant Denny has acted in bad faith.

**47.**

Plaintiff is entitled to recover his actual expenses of litigation, including attorney's fees, from Defendant.

### COUNT FOUR – Defendant Denny
### Malicious Prosecution
### 42 U.S.C. § 1983

**48.**

Plaintiff reasserts the allegations set forth in numbered paragraphs 1 through 47 of this Complaint.

**49**.

Defendant Denny at all times was acting under color of law.

**50.**

Defendant Denny violated Plaintiff Daniely's Fourth Amendment right to be free from seizures pursuant to legal process, and the criminal proceedings against him terminated in his favor.

**51**

Defendant Denny intentionally or recklessly made misstatements or omissions necessary to support the warrants that justified his seizure.

**52.**

Defendant Denny, through intentionally false statements, manufactured evidence to secure the arrest and prosecution of Defendant Denny.

**53.**

Plaintiff Daniely has suffered emotional and mental injury, entitling him to recover nominal, compensatory and punitive damages against Defendant Denny for the loss of

11

his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

**54.**

Defendant Denny acted with malice or in reckless disregard of Plaintiff Daniely's federally protected rights, thereby entitling him to punitive damages. Punitive damages are necessary both to punish Defendant Denny and deter him from future wrongdoing.

**WHEREFORE**, Plaintiff prays:

- A. That Summons and process be issued as required by law;
- B. That Plaintiff be awarded nominal, compensatory, punitive and special damages against Defendant in an amount to be determined by the jury;
- C. That Plaintiff be awarded his costs and expenses of this action, and attorneys' fees as authorized by O.C.G.A. § 13-6-11 and 42 U.S.C. §1988;
- D. That Plaintiff have a trial by jury on all issues so triable; and
- E. That Plaintiff have such other relief as this Court deems just and proper.

This September 6, 2024.

/s Charles E. Cox, Jr.
Ga. Bar No. 192305
**Attorney for Plaintiff**
Post Office Box 67
Macon, Georgia 31202-0067
Telephone: (478) 757-2990
Facsimile: (478) 757-2991
E-mail: charles@cecoxjr.com